Filed
D.C. Superior Court
12/09/2019 09:40AM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

PHYLLIS HARRIS, as Personal  \*
Representative of The Estate of Jamal Ferrell
2529 Old Creek Road  \*
Greenville, NC 27834
  \*
  
  **Plaintiff,**  \*

v.
  \*

WASHINGTON METROPOLITAN AREA   CASE NO.: 2019 CA 007999 B
TRANSIT AUTHORITY  \*
600 5th Street, Northwest
Washington, DC 20001  \*

Serve on:  \*
  Patricia Lee, General Counsel
  WMATA, Office of General Counsel  \*
  600 Fifth Street, N.W.
  Washington, D.C. 20001
  \*

  \*

  \*

## COMPLAINT AND DEMAND JURY TRIAL

Plaintiff Phyllis Harris, as Personal Representative of the Estate of Jamal Ferrell, by and through Howard Haley, Esquire of the HALEY LAW FIRM & Dawn Jackson, Esquire, and JACKSON & ASSOCIATES LAW FIRM, LLC, hereby sues Defendant Washington Metropolitan Area Transit Authority (hereinafter referred to as "WMATA") and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is vested in this Court pursuant to D.C. § 11-921 (2015). Jurisdiction is also vested pursuant to the Survival Act, D.C. Code § 12-101 (2015).

1

2. This Court has personal jurisdiction over the Defendant pursuant to D.C. Code §§ 13-423(a)(1), 13-423(a)(3) and 13-423(a)(5).

3. Venue is proper in this Court since the events giving rise to the Plaintiff's claims occurred in the District of Columbia.

## PARTIES

*Plaintiff*

4. Plaintiff, PHYLLIS HARRIS, as Personal Representative of The Estate of JAMAL FERRELL, by virtue of Letters of Administration granted by the Superior Court of the District of Columbia Probate Division on September 19, 2019, in Administration Number 2019ADM000960, is the appointed Personal Representative of the Estate of Jamal Ferrell. Plaintiff is the surviving parent of the deceased Jamal Ferrelland is the primary beneficiary in this wrongful death action pursuant to D.C. Code § 16-2701.

5. Plaintiff PHYLLIS HARRIS conducted a good faith and reasonably diligent effort to identify, locate, and name as use plaintiffs all individuals who may have an interest in this lawsuit quality as use Plaintiffs. To Plaintiff's knowledge and belief, there are no other beneficiaries entitled to bring a claim pursuant to the Wrongful Death Act.

*Defendant*

6. Defendant WMATA is a tri-jurisdictional government agency that operates transit service in the Washington metropolitan area.

7. At all times material, and on the date and time of the incident complained of, Defendant WMATA was a government entity for profit organized and existing under the laws of the District of Columbia, and said Defendant managed, operated, maintained and/or controlled the premises located at or about 700 14th Street, Washington, DC 20003, also known as Potomac Avenue Station; and further said Defendant exercised jurisdiction and

2

control over the functioning of the subject property and its General Common Elements and Limited Common Elements and did employ agents, employees, officers, staff, administrators, representatives and/or servants, and said Defendant exercised jurisdiction and control over the procedures which said agents, employees, officers, staff, administrators, representatives and/or, had the privilege and obligation to perform, and said Defendant determined the qualifications or lack of qualifications of said agents, employees, staff, administrators, representatives and servants as the same related to those procedures and duties which were devised by said Defendant for the aforementioned agents, employees, staff, administrators, representatives and/or servants.

### *Facts Common to All Counts*

8. That on or about Monday, April 28, 2019 at approximately 10:45 p.m., the decedent, Jamal Ferrell was lawfully on the Defendant's premises known as Potomac Avenue Station located at or about 700 14th Street, Washington, DC 20003.

9. While present at the premises, the decedent, Jamal Ferrell as a result of the negligence and carelessness of said Defendant more fully described below, lost his life while on the Defendant's property.

10. That the decedent Jamal Ferrell was an invitee of Defendant's Potomac Avenue Station and was a victim of a brutal stabbing by an unknown assailant.

11. That Potomac Avenue Station had a lengthy history of criminal activity upon and immediately surrounding the premises, including but not limited to the common areas.

12. That between April 28, 2016 and April 28, 2019 the Metropolitan Police Department reported 93 violent crimes within 1000 feet of Defendant's premises, which is information freely available to the public and to Defendant WMATA.

3

13. That as such the Defendant owed to the decedent a duty to exercise reasonable care to make the premises upon which the decedent Jamal Ferrell was located safe and/or to warn him of any conditions existing on the premises that were unsafe and/or that would otherwise give rise to risk of serious bodily harm.

14. That the aforesaid Defendant had a duty to provide adequate security upon the premises, in light of crimes that had been committed on or near the premises within reasonable proximity to April 28, 2019.

## COUNT ONE
## SURVIVAL ACTION – NEGLIGENCE

Plaintiff PHYLLIS HARRIS, as Personal Representative of the Estate of JAMAL FERRELL adopts and incorporates herein by reference the factual allegations of paragraphs 1-14 and further states:

15. This claim arises under the Survival Act, D.C. Code § 12-101.

16. At all times material, Defendant owed a duty to invitees of its premises including the decedent, Jamal Ferrell, to exercise reasonable care to keep and maintain its premises in a condition reasonably safe for the use of invitees and the public. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its invitees, including the decedent, from criminal attacks which were reasonably foreseeable.

17. That as such the Defendant owed to the decedent, a duty to exercise reasonable care to make the premises safe and/or to warn the decedent of any conditions existing on the premises that were unsafe and/or that would otherwise give rise to risk of serious bodily harm.

4

18. That the aforesaid Defendant had a duty to provide adequate security upon the premises, in light of crimes that had been committed on or near the premises within reasonable proximity to April 28, 2019.

19. That notwithstanding the aforesaid duties Defendant negligently failed to exercise reasonable care in providing a safe place for users of the premises, including but not limited to the decedent, JAMAL FERRELL, and further negligently failed to provide adequate security for the premises, and failed to provide a reasonably safe premises, despite the fact that the Defendant knew or should have known that the aforesaid premises had a history of criminal activity against persons and property prior to the date of the occurrence. The Defendant negligently failed to provide adequate security at the premises.

20. Defendant was negligent and breached its duty of reasonable care for the safety and protection of invitees and the decedent, in one or more of the following ways:

   a. by failing to provide adequate security for the users, invitees of said Defendant's premises;

   b. by failing to have any and/or an adequate number of security guards to protect the users, invitees, and/or patrons of said Defendant's premises;

   c. by failing to have competent security personnel to protect users, invitees and/or patrons of said Defendant's premises;

   d. by failing to properly train security personnel, so that they could protect the users and invitees, of said Defendant's premises;

   e. by failing to have a sufficient number of security personnel or security presence in visible areas to deter crime thereby protect users, invitees, and patrons of said Defendant's premises;

5

 f. by failing to take additional security measures after being put on notice that security measures in force were inadequate;

 g. by failing to reasonably and effectively utilize available security devices;

 h. by failing to warn, protect, guard, and secure the safety of the decedent, or other similarly situated members of the public, when the Defendant knew or should have known of the existence of crime and the danger to those individuals using and entering the Potomac Avenue metro station;

 i. by failing to implement adequate security policies, security measures, and security procedures necessary to protect the decedent, visitors, and users of the Defendant's premises;

 j. by failing to police, patrol, guard, deter, and otherwise provide adequate protection for invitees and users of said Defendant's premises, when Defendant knew or should have known of foreseeable criminal acts;

 k. by failing to prevent trespassing by those who were not invitees, patrons or guests of the Defendant's premises;

 l. by failing to remove trespassers from the premises when the Defendant knew or should have known of their existence; and

 m. by failing to routinely monitor the lighting and provide scheduled maintenance of exterior lighting of common areas of the subject premises;

21. As a direct and proximate result of the aforesaid negligence of the Defendant, without any negligence on the part of the decedent, JAMAL FERRELL lost his life.

22. As a direct and proximate result of the aforesaid negligence of the Defendant without any negligence on the part of the decedent contributing thereto, the decedent

JAMAL FERRELL was subjected to suffer severe, painful and permanent injuries of body and mind, mental anguish and horrific pre-death fright and other damages for which he could have recovered had he survived.

23. As a direct and proximate result of a wrongful act and/or neglect of the Defendant, without any wrong on the part of the decedent JAMAL FERRELL contributing thereto, the decedent was subjected to suffer severe, painful and permanent injuries of body and mind, which led to his death on April 28, 2019.

24. As a direct and proximate result of the aforesaid negligence of the Defendant, Plaintiff incurred all damages cognizable under the Survival Act, D.C. Code § 12-101, including but not limited to, conscious pain and suffering, for horrific pre-death fright, for funeral and burial expenses, for medical expenses and other damages permitted by law.

WHEREFORE, Plaintiff PHYLLIS HARRIS, as Personal Representative of the Estate of JAMAL FERRELL, sues Defendant WMATA demanding a judgment in the amount of $5,000,000.00 (Five Million Dollars), plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT TWO
## (WRONGFUL DEATH– NEGLIGENCE)

Plaintiff PHYLLIS HARRIS, as Personal Representative of the Estate of JAMAL FERRELL adopts and incorporates herein by reference the factual allegations of paragraphs 1-24 and further states:

25. This claim arises under the District of Columbia Wrongful Death Statute, D.C. Code § 16-2701.

26. Pursuant to DC Code § 16-2702, this matter has been commenced within the two (2) years Statute of Limitation.

27. At all times material, deceased JAMAL FERRELL was a lawful invitee on the subject property known as Potomac Avenue Station located at or about 700 14th Street, Southeast, Washington, D.C. 20003.

28. As a direct and proximate result of a wrongful act, and/or neglect of the Defendant, without any wrong on the part of the decedent JAMAL FERRELL contributing thereto, the decedent was subjected to suffer severe, painful and permanent injuries of body, including but not limited to multiple stab wounds to his body, which caused his death on April 28, 2019.

29. As a direct and proximate result of the negligence of Defendant, Plaintiff incurred all damages cognizable under the District of Columbia Wrongful Death Statute, D.C. Code § 16-2701, including but not limited to, the decedent's pain and suffering, monetary losses, decedent's future income, funeral and burial expenses and any other damages under the applicable statute.

WHEREFORE, Plaintiff PHYLLIS HARRIS, as Personal Representative of the Estate of Jamal Ferrell, sues Defendant WMATA demanding a judgment in the amount of $5,000,000.00 (Five Million Dollars), plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

I SOLEMNLY SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE AFOREGOING INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY PERSONAL KNOWLEDGE.

_____
Phyllis Harris, as Personal Representative of the Estate of Jamal Ferrell

Respectfully submitted December, 2019

_____/s/_____
Dawn R. Jackson, Esq. (Bar No.485118)
**Jackson & Associates Law Firm, LLC**
1300 Caraway Court, Suite 100
301 883 0800 Tel.
301 883 0801 Fax
*Co-Counsel for Plaintiff*

_____/s/_____
Howard Haley, Esq.(Bar No. 999376)
The Haley Firm, PC
7600 Georgia Ave, NW, #405
Washington, DC 20012
O: (202) 810-6329
F: (202) 706-7375
*Co-Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

The Plaintiff demand trial by jury as to all issues contained herein.

_____/s/_____
Dawn R. Jackson, Esq. (Bar No.485118)

_____/s/_____
Howard Haley, Esq. (Bar No. 999376)

9